# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CR-054-CVE |
| ) | |
| CODY ALLEN JONES, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE
## OR NON-GUIDELINES SENTENCE

Defendant Cody Allen Jones, by and through his counsel of record, Amanda M. Folsom, respectfully requests the Court to grant a downward variance from the advisory sentencing guidelines and/or to impose a non-Guidelines sentence. The defendant does not intend to present any witnesses at the hearing, and expects the hearing will last approximately one-half hour.

### Degree of Relief Requested

Mr. Jones respectfully requests, based on the factors set forth in 18 U.S.C. § 3553(a) and addressed herein, the Court vary from his calculated guidelines range of 21 to 27 months, to a non-guidelines range of 15 to 21 months. Further, Mr. Jones requests the Court to impose a sentence at the low end of that range to run concurrent to his undischarged state terms.

Mr. Jones is currently in primary state custody. He is serving undischarged terms of imprisonment in Tulsa County cases for offenses which all occurred within a ten-month period which pre- and post-dates the instant offense.[1] Mr. Jones was arrested on a Tulsa County warrant on March 5, 2012, and taken into state custody. He was also indicted in the instant federal case

---

[1] The first offense in that ten-month period occurred on March 22, 2011 and the last offense occurred on January 24, 2012. The offense for which Mr. Jones is charged federally occurred on January 17, 2012.

and a warrant was issued therein on that same date. Though Mr. Jones was in custody at the David L. Moss Criminal Justice Center, and he could have easily been brought before the federal court on the instant case, no effort was made to do so until after he pled guilty and was sentenced in his pending state cases. Mr. Jones entered a plea of guilty and was sentenced on those cases on April 23, 2012. A Petition for a Writ of Habeas Corpus Ad Prosequendum was filed on May 8, 2012, and Mr. Jones appeared before a U.S. Magistrate three days later. Because Mr. Jones is in the primary custody of the state, he will be required to serve his undischarged term of custody in the Oklahoma Department of Corrections (DOC) prior to the commencement of his federal sentence unless this Court directs otherwise. Consistent with the commentary note to USSG §5G1.3(c), the defendant requests the Court recommend the Bureau of Prisons designate the state institution as the place for confinement, thereby running the sentence imposed in this matter concurrent to the undischarged state terms.

**Offense Conduct**

On January 17, 2012, Mr. Jones went to Academy Sports and Outdoors to purchase a shotgun for hunting. He filled out an application (ATF Form 4473) to obtain the shotgun. The form contained a statement requiring Mr. Jones to affirm or deny whether he had sustained felony convictions or was currently under indictment or information for a felony. Mr. Jones, who had appeared in Tulsa County some months before on pending felony informations, stated on the form that he was not currently under indictment or information for a felony conviction. His false statement was detected and he did not take possession of the shotgun.

**Sentencing Law**

The Court is not bound by the Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). The court must still consider them. *See* 18 U.S.C. § 3553(a)(4). But they are

merely a "starting point" and the sentencing court may not presume that the guidelines range is reasonable and that a guidelines sentence should apply. *Gall v. United States*, 128 S.Ct. 586, 596-597 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The guidelines are only one component, of many, in the equation. *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007). Another component is the sentencing factors and stated purposes of sentencing set forth in 18 U.S.C. § 3553(a). The *Booker* court affirmed their applicability. *Id,* at 259-260. Therefore, in fashioning a sentence for each person before it, the Court must look beyond the Sentencing Guidelines and make an individualized assessment while thoughtfully considering each of the various factors set forth under 18 U.S.C. § 3553(a). *See Gall,* at 596-597.

The sentencing court shall take care to impose "a sentence [that is] sufficient, but not greater than necessary, to comply with the [stated] purposes [of sentencing]." 18 U.S.C. § 3553(a). Those purposes are the need for the sentence imposed-

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner...

18 U.S.C. § 3553(a)(2).

In determining the appropriate sentence the court must consider, in addition to the above stated sentencing purposes: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the guideline sentence; policy

statements by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

In making its assessment, the Court must bear in mind that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). The guidelines, which mandate a total sentence of imprisonment or some term of imprisonment for an overwhelming majority of defendants, are frequently in direct conflict with the statutory objectives and concerns in sentencing. Often, the purposes of sentencing may be better served by a community sentence, but a defendant is subject to imprisonment merely because of an advisory guidelines range. The Supreme Court has emphasized that the advisory guidelines should "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary." *See Booker,* at 264-65. Still yet, sentencing courts are generally forbidden under the guidelines to consider personal history and characteristics (such as a defendant's age, vocational skills, mental and emotional conditions, and drug or alcohol dependence). USSG §§5H1.1 - 5H1.4. It is apparent that the guidelines do not account for the unique individuality of defendants or their particular cases. Accordingly, the Supreme Court has clearly determined that reliance upon the guidelines alone is not only insufficient, but unconstitutional. The sentencing court should tailor sentences to each individual in light of the statutory concerns stated in 18 U.S.C. § 3553(a).

### (1) The Nature and Circumstances of the Offense
### and the History and Characteristics of the Defendant

**The Offense-** Mr. Jones is convicted of a victimless crime. He violated 18 U.S.C. § 922(a)(1)(A), because he made a false statement on an application to purchase a shotgun for

hunting. He stated that he was not under information for a felony, while there were felony informations pending in Tulsa County District Court. When Mr. Jones committed the crime, he was not a prohibited person due to a felony conviction, but rather because he merely stood accused of felonies. Mr. Jones intended to use the shotgun for hunting, not for any criminal activity. Interestingly, if Mr. Jones had actually obtained the shotgun, he may have received a decreased offense level of six. USSG §2K2.1(b)(2). Instead, because Mr. Jones went to a reputable dealer where he was required to complete ATF From 4473, and because they easily detected his pending charge and prevented the possession of the shotgun, Mr. Jones is subject to a base offense level of more than twice that.

**The Defendant- History and Characteristics**[2]

Mr. Jones' Criminal History Category is IV. This results primarily from four convictions sustained after the commission of the instant offense (one of which was for an offense that occurred after the commission of the instant offense). Additionally, those four offenses and the instant offense all occurred within a ten-month period of time during which Mr. Jones was battling a severe addiction to opiates.

Mr. Jones was a shy teenager. Though he suffered anxiety in social settings, he found a place where he could shine. He poured his life into the sport of motocross. He spent countless hours honing his skill on the motorbike. Mr. Jones organized practice rides with others, he meticulously cared for the equipment, and he reviewed video footage taken by his grandmother, who was a devoted fan. Mr. Jones received many trophies and was known for his determination

---

[2]The statements in the section are based on findings in the Presentence Investigation Report and letters of friends and family, which will be provided, in accordance with local rule, to the Probation Office and counsel for the Government.

and his dedication. The sport not only gave him a place that he could achieve excellence, but it also provided a way for Mr. Jones to connect with his father (who was divorced from Mr. Jones' mother). At this time, Mr. Jones was on top of the world and he was optimistic about his future.

However, his world soon crumbled. Within a short period of time, Mr. Jones' father passed away unexpectedly and Mr. Jones suffered significant injuries to his knee and pelvis which required surgery. Mr. Jones was devastated. He fell into a state of depression and began to find solace in alcohol and in the powerful opiate pain medications prescribed to him to manage the lingering pain from his injuries. Mr. Jones attempted to rebuild; he became a skilled welder and dreamed of owning his own business. But his opiate dependence and alcohol abuse continued to grow and eventually overtook him. When Mr. Jones was not able to get Lortabs and Oxycontin prescribed to match his use, he began seeking pills elsewhere and began taking Xanax. The drive for drugs began to cloud his judgment and in March of 2011, Mr. Jones pawned a firearm that did not belong to him to gather money to pay for pills. Four months later, he was found passed out in his vehicle, after combining pills and alcohol. The following month, Mr. Jones was again encountered in his vehicle. He had again combined pills and alcohol. Just weeks later, in September, Mr. Jones admitted himself to Valley Hope Drug Rehabilitation Center. He completed the month-long residential program then participated in community based Alcoholics Anonymous and Narcotics Anonymous groups. However, in November of 2011, he was arrested for pawning the firearm earlier in the year. After his arrest, he relapsed.

All but one of the offenses leading to Mr. Jones' nine criminal history points occurred within ten months of the instant crime. His Criminal History Category is chiefly the result of a very short period of largely non-violent, less serious in nature criminal behavior during the height of a terrible opiate addiction. His entire criminal history is related to his substance abuse which

6

developed after the loss of his father. This mitigates in favor of a variance. *U.S. v. Corral*, 2009 WL 3672514 (D.N.M. 2009) (variance warranted based on early loss of father and drug addiction, among other factors).

### (2) The Need for the Sentence Imposed to Promote Statutory Objectives

Respect for the law, just punishment and protection of the public need not depend exclusively or primarily upon lengthy terms of imprisonment. In fact, the Supreme Court has recognized that "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Gall,* at 599**.** Mr. Jones is convicted of a victimless crime. His criminal history category results in a range that overstates the seriousness of the offense and his criminal history. A sentence within the Guidelines range would be much greater than necessary to achieve the statutory purposes of sentencing.

Mr. Jones committed the instant offense on January 17, 2012, just months after committing his state crimes and a mere week before committing a subsequent state crime (which was related to one of the previous crimes). He was Indicted in the instant matter on March 5, 2012, and was sentenced for the state crimes on April 23, 2012. Mr. Jones was ordered to serve concurrent sentences on all counts, with the longest term being eighteen months in custody. Because of the close relation of the crimes (both in nature and temporally), the state conviction and incarceration had no opportunity to serve as a prior deterrent to Mr. Jones. Therefore, service of an additional custody sentence to be served beyond the undischarged state term would be excessive and would be an over-deterrence. *See, Id.,* at 2 (separate state and federal convictions on conduct closely related in nature and timing do not give the state incarceration an opportunity to see if it specifically deters the defendant).

The seriousness of the offense, protection of the public, and treatment needs will be adequately and fully addressed in Mr. Jones' federal felony conviction, the requested custody sentence, and a subsequent term of supervised release. Not only will he suffer a deprivation of liberty through his incarceration, but through the severe restrictions that will be placed upon him throughout his term of supervised release (which is discussed in *Gall)*.[3] As an added deterrent, Mr. Jones will face the unpleasant prospect of additional imprisonment if he does not conform his conduct to society's and the Court's expectations. Once he returns to the community, Mr. Jones will have the support of family and friends (as evidenced by the overwhelming number of letters written on his behalf for the Court's consideration at sentencing). He will also have access to the resources of the Probation Office to assist him in his continued substance abuse treatment and to assist in any mental health treatment needs.

### (3) The Kinds of Sentences Available

Mr. Jones is convicted of making a False Statement to a Federal Firearms Licensee. The offense is a Class D felony, which carries a potential punishment of up to five years in prison and/or a fine of up to $250,000. Congress has authorized probation as a possible sentence for this offense. 18 U.S.C. § 3561. However, the federal sentencing guidelines do not authorize probation because the offense falls in Zone D of the sentencing table. If a sentence of

---

[3]There, the Supreme Court cited *United States* v. *Knights*, 534 U. S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin* v. *Wisconsin*, 483 U. S. 868, 874 (1987))); *Advisory Council of Judges of National Council on Crime and Delinquency, Guides for Sentencing* 13–14 (1957) ("Probation is not granted out of a spirit of leniency. . . . As the Wickersham Commission said, probation is not merely 'letting an offender off easily' "); and 1 N. Cohen, *The Law of Probation and Parole* §7:9 (2d ed. 1999) ("[T]he probation or parole conditions imposed on an individual can have a significant impact on both that person and society.... Often these conditions comprehensively regulate significant facets of their day-to-day lives....).

imprisonment is imposed, a term of supervised release of no more than three years is authorized. 21 U.S.C. §841. The requested sentence is well within the range of sentencing options available to the Court.

### (4) The Sentencing Range Established by the Sentencing Commission

Mr. Jones' advisory sentencing range is 21 to 27 months. However, as discussed above, the advisory Sentencing Guidelines range is but one factor in the sentencing equation. It is not entitled to any more weight than the other factors enumerated in 18 U.S.C. § 3553(a). The Court may not presume the Sentencing Guidelines computation to be the appropriate sentence in this case or to be a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing. Rather, the Court has a duty to thoughtfully evaluate all the factors enumerated in 18 U.S.C. § 3553(a) and conduct an individualized assessment of the case by considering each of those factors. *Gall*, at 596-97.

### (5) Policy Established by the Commission

The U.S. Sentencing Commission's Guidelines support a non-guidelines sentence where the defendant's Criminal History Category inadequately reflects the seriousness of his past offenses or the likelihood that he will commit other crimes. USSG §4A1.3(b). As stated above, Mr. Jones' entire criminal history occurred during a period of time when he was suffering from a severe opiate addiction. Due to his limited criminal conduct outside of that time, it is unlikely, once treated, he will commit other crimes.

### (6) The Need to Avoid Unwarranted Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

Mr. Jones believes that his calculated guidelines range creates an unwarranted disparity. He intended to use the firearm for hunting. However, because he did not succeed in completing

9

the purchase and did not possess the shotgun, he is not able to pursue the application of USSG 2K2.1(b)(2), which reduces the offense level to six for prohibited persons who possess firearms solely for sporting purposes. Additionally, Mr. Jones believes his guidelines range over represents the seriousness of his offense and criminal history, fails to account for the role his opiate addiction played in the commission of the instant and other offenses. Therefore, the defendant believes that in making an individualized assessment considering all of the 18 U.S.C. § 3553(a) factors, the Court will find the requested variance is warranted.

### (7) The Need to Provide Restitution to Any Victims of the Offense

There is no victim of this offense. Therefore, restitution is not an issue in this case.

### Conclusion

For the reasons set forth above, Mr. Jones respectfully requests the Court grant his motion for a downward variance to a 15 to 21 month range of imprisonment. Further, Mr. Jones respectfully requests the Court impose a sentence at the low end of that range and recommend the Bureau of Prisons designate the state institution as a place of confinement, thereby running the term imposed in the instant matter concurrent with Mr. Jones' undischarged state sentences. The requested sentence, followed by a term of supervised release, is sufficient but not greater than necessary to achieve the statutory purposes of sentencing

Respectfully submitted,

s/Amanda M. Folsom
Amanda M. Folsom, OBA #19094
Assistant Federal Public Defender
Office of the Federal Public Defender
One West Third Street, Suite 1225
Tulsa, OK 74103
Telephone: 918.581.7656
Counsel for the Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jan Reincke
Office of the United States Attorney
110 W. 7th Street, Suite 300
Tulsa, Oklahoma 74119

I hereby certify that on the 17th day of September, 2012, I electronically transmitted the foregoing document to the following:

Joy Coffman
U.S. Probation Officer

                                                  s/Amanda M. Folsom
                                                  Amanda M. Folsom
                                                  Assistant Federal Public Defender